NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**AD GLOBAL FUND, LLC, BY AND THROUGH NORTH HILLS HOLDING, INC., A PARTNER OTHER THAN THE TAX MATTERS PARTNER,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2024-1252

---

Appeal from the United States Court of Federal Claims in No. 1:04-cv-00336-KCD, Judge Kathryn C. Davis.

---

Decided:  August 22, 2025

---

STEVEN RAY MATHER, I, Mather Law Corporation, Los Angeles, CA, argued for plaintiff-appellant.

ANTHONY T. SHEEHAN, Tax Division, United States Department of Justice, Washington, DC, argued for defendant-appellee.  Also represented by JACOB EARL CHRISTENSEN, DAVID A. HUBBERT.

---

Before MOORE, *Chief Judge*, PROST and REYNA, *Circuit Judges*.

PROST, *Circuit Judge*.

AD Global Fund, LLC ("AD Global Fund"), by and through a notice partner, North Hills Holding, Inc. ("North Hills"), appeals from the U.S. Court of Federal Claims' dismissal of its case.[1]  For the reasons below, we affirm.

## BACKGROUND

North Hills filed its complaint in the Court of Federal Claims over twenty years ago, challenging an IRS-issued Notice of Final Partnership Administrative Adjustment concerning AD Global Fund's 1999 partnership return.

In July 2011, the parties filed a joint status report with the Court of Federal Claims requesting that it stay the case (or rather, continue its already-entered stay) pending parallel U.S. Tax Court proceedings concerning David Greenberg and William Goddard—two AD Global Fund partners who had received notices from the IRS converting their partnership items to non-partnership items.  J.A. 482–84. In support of this request, North Hills represented that Greenberg and Goddard were "the only purported partners . . . who wish[ed] to litigate the remaining issues in this case," and that "[f]urther substantive proceedings in the Court of Federal Claims w[ould] only be necessary if the . . . Tax Court decides that the conversion notices are invalid, since only then will Greenberg and Goddard's AD Global Fund items be partnership items." J.A. 483.[2] Days

---

[1]    Because North Hills initiated and has continued to litigate this case, we refer to North Hills as the relevant litigant, even though it has undertaken this litigation as a notice partner of AD Global Fund.

[2]    North Hills had made a similar representation as early as September 2010.    It referenced its

later, the Court of Federal Claims continued its stay, observing that a decision by the Tax Court would "determine if further proceedings are necessary in this case."  Order at 1, *AD Glob. Fund, LLC ex rel. N. Hills Holding, Inc. v. United States*, No. 1:04-cv-00336 (Fed. Cl. July 13, 2011), ECF No. 80.

Things continued like this for the next several years. The parties would file a joint status report saying that Greenberg and Goddard were the only ones who wished to litigate the remaining issues in this case; they would request that the stay continue pending resolution of the Tax Court proceedings; and the Court of Federal Claims would continue the stay accordingly.

In January 2023, the parties notified the Court of Federal Claims that the Tax Court proceedings were "over" and that "the basis for the stay in this case ha[d] ended." J.A. 550.

The Court of Federal Claims then ordered North Hills to show cause why it should not dismiss the case.  Given the outcome of the Tax Court proceedings, the court questioned whether Greenberg and Goddard had a "cognizable interest in this litigation[,] since they d[id] not have AD Global [Fund] partnership items."  J.A. 556.  And it noted that, although North Hills had (more recently) asserted "that there is at least one indirect partner who could

---

"understand[ing] that, by the time the . . . conversion notices were issued, all the other partners in AD Global Fund had settled, leaving only the interests of . . . Greenberg and Goddard at issue in this action."  J.A. 470–71 (capitalization normalized).  And it maintained that, "[i]f the conversion notices were validly issued, this action will effectively be completed . . . as there will be no affected taxpayers asserting an interest in the outcome of this proceeding."  J.A. 472 (capitalization normalized).

possibly have an interest, this indirect partner remain[ed] unidentified and, in any case, ha[d] not stated an intent to pursue his or her rights . . . after 19 years of litigation." J.A. 556.

North Hills' response to the show-cause order did not dispute that Greenberg and Goddard had no cognizable interest in the case.  Nor did it specify anyone else having such an interest.  Instead, it alluded to other (albeit unnamed) AD Global Fund partners and argued that the *government* had the burden to show that there was *no* remaining partner with such an interest.  J.A. 560.  The government responded that North Hills' failure (or refusal) to identify any partner with a cognizable interest in the case rendered the Court of Federal Claims without jurisdiction, because there was "no case or controversy before the [c]ourt."  J.A. 565.

The Court of Federal Claims dismissed the case.  In doing so, it acknowledged that the parties had briefed whether there were any remaining partners with an interest sufficient to satisfy the case-and-controversy requirement of standing.  *AD Glob. Fund, LLC ex rel. N. Hills Holding, Inc. v. United States*, 167 Fed. Cl. 798, 799 n.1 (2023).  It also observed that the parties did not dispute that Greenberg and Goddard no longer had such an interest.  *Id.*  Ultimately, however, the court declined to reach the standing question; instead, it dismissed upon concluding that it had already resolved the only purportedly remaining issue in the case and that there was no basis for revisiting that resolution.  *See id.* at 799–803, 799 n.1.

North Hills timely appealed.  Our jurisdiction over appeals from final decisions of the Court of Federal Claims is supplied by 28 U.S.C. § 1295(a)(3).

## DISCUSSION

"We may affirm the Court of Federal Claims' dismissal on any ground supported by the record." *Wyandot Nation*

*v. United States*, 858 F.3d 1392, 1397 (Fed. Cir. 2017). Here, we do so because North Hills lacked standing.

The requirement that a plaintiff have standing derives from Article III of the Constitution, which limits federal courts to deciding "Cases" or "Controversies." *See, e.g.*, *Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013) (quoting U.S. CONST. art. III, § 2).[3] The "irreducible constitutional minimum of standing" has three elements: injury in fact, causation, and redressability. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). The need to satisfy these three elements "persists throughout the life" of the litigation. *Wittman v. Personhuballah*, 578 U.S. 539, 543 (2016). And "[t]he party invoking federal jurisdiction"—here, North Hills—"bears the burden of establishing these elements," with "the manner and degree of evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561.

At least by the time the Court of Federal Claims dismissed the case, North Hills lacked standing because it failed to identify—let alone adequately prove—the existence of a redressable injury. For example, North Hills does not allege that *it* has such an injury itself. *Compare* Appellee's Br. 21–22, *with* Reply Br. 15–16. Nor does it identify anyone else having such an injury. *See* Oral Arg. at 8:17–23 (Counsel: "I don't have a name.").[4] Instead, it says that someone told its counsel that some partners have not

---

[3]     The Court of Federal Claims, "though an Article I court, applies the same standing requirements enforced by other federal courts created under Article III." *Starr Int'l Co. v. United States*, 856 F.3d 953, 964 (Fed. Cir. 2017) (cleaned up).

[4]     No. 24-1252, https://oralarguments.cafc.uscourts. gov/default.aspx?fl=24-1252_07082025.mp3.

settled with the government.[5]  *See id.* at 4:20–5:10 (Counsel: "I have been told that there are partners that have not settled, and I've been told that by the person that . . . has hired me . . . in this case . . . ."); *see also id.* at 6:37–46.  Under these circumstances—where it is not otherwise clear that there is *anyone* with a redressable injury, and where North Hills has not offered any evidence regarding such an injury—its showing does not establish standing.  *See Wittman*, 578 U.S. at 545 ("We have made clear that the party invoking federal jurisdiction bears the burden of establishing that he has suffered an injury by submitting affidavits or other evidence," and "[w]hen challenged by a court (or by an opposing party) concerned about standing, the party invoking the court's jurisdiction cannot simply allege a nonobvious harm, without more." (cleaned up)).

Resisting this conclusion, North Hills argues that it did not have to prove standing; rather, the government had to *disprove* it.  *See* Reply Br. 12–15.  It reasons that, because the government would have been a party to any partner's settlement with the government, the government knows "whether all partners in AD Global [Fund] have resolved their partnership items."  *Id.* at 14–15.  Therefore, according to North Hills, the government must show that North Hills *lacked* standing by showing that all partners have settled.  *See id.*

We reject North Hills' argument.  "The party invoking federal jurisdiction bears the burden of establishing" standing, *Lujan*, 504 U.S. at 561, and North Hills has supplied no legal authority or persuasive justification for departing from that bedrock principle.  As to its reasoning about the government's knowledge of settlements, North Hills confirmed that the various partners *themselves* would

---

[5]    The apparent implication of this representation is that, if a partner has not settled, it *must* have an injury that would suffice for North Hills' standing here.

know whether they had settled. *See* Oral Arg. at 7:48–8:13. And, presumably, those partners would likewise know if they had a redressable injury. North Hills has not adequately explained why it could not have learned of any redressable injury from the partners themselves. More generally, it has provided no sound reason to be relieved of its burden to prove standing—a burden that, as explained above, it failed to carry in this case.

## CONCLUSION

We have considered North Hills' remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm.

**AFFIRMED**